IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FLINT HILLS PROPERTIES, L.P.,

Plaintiff,

vs.                                                     Case No. 07-1056-JTM

VALLEY BRONZE OF OREGON, INC.,

Defendant.

MEMORANDUM AND ORDER

This is an action by plaintiff Flint Hills Properties to collect on a promissory note issued by defendant Valley Bronze of Oregon.  Flint Hills is managed by David Jackman, Jr.  Valley Bronze is operated by Jackman's son, David Jackman, III.

The material facts of the case are not subject to any substantial dispute. Summary judgment is proper where the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law.  Fed.R.Civ.P.  56(c).  In considering a motion for summary judgment, the court must examine all evidence in a light most favorable to the opposing party. *McKenzie v. Mercy Hospital*, 854 F.2d 365, 367 (10th Cir. 1988).  The party moving for summary judgment must demonstrate its entitlement to summary judgment beyond a reasonable doubt.  *Ellis v. El Paso Natural Gas Co.*, 754 F.2d 884, 885 (10th Cir. 1985).  The moving party need not disprove plaintiff's claim; it need only establish that the factual allegations have no legal significance.  *Dayton Hudson Corp. v. Macerich Real Estate Co.*, 812 F.2d 1319, 1323 (10th Cir. 1987).

In resisting a motion for summary judgment, the opposing party may not rely upon mere allegations or denials contained in its pleadings or briefs.  Rather, the nonmoving party must come

forward with specific facts showing the presence of a genuine issue of material fact for trial and significant probative evidence supporting the allegation. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). Once the moving party has carried its burden under Rule 56(c), the party opposing summary judgment must do more than simply show there is some metaphysical doubt as to the material facts. "In the language of the Rule, the nonmoving party must come forward with 'specific facts showing that there is a **genuine issue for trial**.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed.R.Civ.P. 56(e)) (emphasis in *Matsushita*). One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses, and the rule should be interpreted in a way that allows it to accomplish this purpose. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

By a promissory note dated July 6, 2004, Valley Bronze of Oregon, Inc., (an Oregon company transacting business in Kansas) is indebted to the Flint Hills Properties, L.P. (a Kansas limited partnership doing business in Kansas) in the principal amount of $180,000. The promissory note was signed by David S. Jackman, III.

Valley Bronze has made no payments, either for principal or interest, on the promissory note. Flint Hills Properties alleges that the amount due on the promissory note is the principal indebtedness of $180,000 plus interest at the rate of 6% from November 29, 2004. Interest accrued as of December 31, 2006, totals $26,866.85, with additional interest accruing in a per diem amount of $29.59

However, according to Valley Bronze, the parties entered into an agreement under which neither principal nor interest would be paid on the note until Valley Bronze obtains recovery in other lawsuits, *Metalmark Northwest v. Stewart*, Case No. 04-CV-682-KI (D. Ore.)

It is uncontroverted that demand was made for payment of the note and accrued interest by letter of David Jackman, Jr., dated December 14, 2006, and by letter from Jay F. Fowler to David S. Jackman, III, CEO, and Christine E. Jackman, President of Valley Bronze of Oregon, Inc., dated

December 26, 2006. No payment has been made on the indebtedness evidenced by the promissory note.

Flint Hills Properties contends that summary judgment is appropriate because the note is clear and unambiguous.  Valley Bronze argues that summary judgment should not be granted in the absence of any discovery, and alleges the existence of an oral agreement to making recovery under the note contingent upon the defendant's success in other litigation.  The plaintiff Flint Hill Properties argues that any such evidence of a separate agreement is barred by the parol evidence rule.  *See, e.g., Hudson State Bank v. Haile*, 130 Kan. 322, 286 P. 228 (1930).  In contrast, Valley Bronze argues that such evidence should be admissible.  In support of its argument, Valley Bronze cites one decision of the Kansas Supreme Court, *Schnug v. Schnug*, 203 Kan. 380, 454 P.2d 474 (1969) and one law review article from Australia.[1]

The court finds that *Schnug* does not support a suspension of the parol evidence rule.  In that case, the plaintiff sued on a promissory note that had been issued by his (at the time of the suit) ex-wife.  The note was secured by a second mortgage, and was marked "payable on demand after date."  The trial court determined that the action was barred by the statute of limitations, and the husband argued on appeal that the statute had not run because the note was ambiguous as to whether a demand could be made before the first mortgage on the property had been paid.  The court held that the payment language in the note was unambiguous:

> The phrase 'payable on demand' has a commonly understood meaning in negotiable instruments law and since neither the note nor the mortgage contained other language, stating when the debt is to be paid, there is simply no indication that the phrase was used to mean something different from its commonly understood legal

---

[1]Defendant cites Tony Cole, 'Parol Evidence Rule: A Comparative Analysis and Proposal,' 26 U.N.S.W. Law Journal 680, 701 (2003) for the proposition that familial relations should be considered before applying the parol evidence rule.  The court cannot find any case in the United States which has adopted such a view.  Further, as noted in the accompanying discussion of Kansas decisions applying the parol evidence rule, the court must note that the rule has been repeatedly applied in Kansas to bar the use of extrinsic evidence even among family members.  *See Schnug*, 203 Kan. at 380 (parol evidence rule applied in case involving promissory note between husband and wife); *In re Smith's Estate*, 199 Kan. 89, 427 P.2d 443 (1967) (parol evidence prevented introduction of evidence concerning the private understandings between mother and son).

meaning. We find nothing in the instruments which could be construed to require payment of the debt only after the first mortgage had been removed from the property.

203 Kan. at 383-84. The note was free from ambiguity.  The court stressed that ambiguity in this context meant ambiguity as to the terms present in the contact, not ambiguity created by the alleged omission of some condition or language:

> Furthermore, the proposition advanced by plaintiff in this regard actually suggests an omission from the instruments of a condition that the debt became payable only after the first mortgage had been released, rather than an ambiguity. The omission of a statement does not create an ambiguity which authorizes the admission of parol evidence to vary the expressed terms of the instrument. In this connection we find the following statement in the recent case of *Wood v. Hatcher*, 199 Kan. 238, 428 P.2d 799:
>
> > '* * * Ambiguity does not arise from total omission. It arises when application of pertinent rules of interpretation to an instrument as a whole fails to make certain which one of two or more meanings is conveyed by the words employed by the parties. * * *' (p. 242, 428 P.2d p. 803.)

The *Schnug* court noted that the trial court had permitted the husband and wife to present testimony concerning an alleged mistake of fact, conflicting testimony which the trial court resolved in the wife's favor.  However, the Kansas Supreme Court's opinion clearly indicates that the parol evidence rule applied:

> In the absence of proof of fraud or mutual mistake in the procurement of an unambiguous written contract, the contract must be enforced according to its terms, and evidence of parol understanding at variance therewith cannot be considered.

203 Kan. at 384, 454 P.2d at 479, *citing In re Estate of Smith*, 199 Kan. 89, 427 P.2d 443 (1967).

The defendant here appears to suggest that the very limited exception recognized in *Schnug* for evidence of "mutual mistake" ought to include the ability to supply parol evidence as to the parties' understanding of important conditions in the contract.  This is an overbroad interpretation of *Schnug*.  First, it would effectively nullify the parol evidence rule.  Anytime a party wished to supply oral evidence of some specific provision in a contract, they could do so simply by alleging a mutual mistake as to the failure to include such a provision in the contract.

Second, the defendant's interpretation is contrary to the *Schnug* opinion itself, which clearly states that the omission of a putative material term from a contract does not open the door for parol evidence.  Moreover, the *Schnug* court directly relied on its earlier decision in *In re Smith's Estate*.

In that case, the court made clear that the exception is extremely limited, quoting its earlier decision in *Simonich v. Wilt*, 197 Kan. 417, 417 P.2d 139 (1966):

> It has been held in the absence of pleading and proof of some species of fraud or mutual mistake *in the procuring of a party's signature* to a plain and unambiguous written contract, it must be enforced according to its terms, and neither pleading nor proof of a parol understanding at variance with such terms can be considered.

417 P.2d at 145 (emphasis added). In both *In re Smith's Estate* and the earlier *Simonich*, the court dealt with challenges by heirs at law to joint tenancies which had been created through bank accounts.  In both cases, the court reversed decisions by the trial court to admit evidence as to the putative actual intent of the party who created the bank account.  The court in *In re Smith's Estate* noted that the appellee heirs claims of mistake were misplaced:

> The appellees make some argument in their brief of mutual mistake between Rachel [who created the bank account] and Floyd [her son and a joint tenant in the account], but on oral argument they candidly admit they are not claiming mutual mistake *in the creation of the account* as between Rachel and the bank.

427 P.2d at 448 (emphasis added).  *See also Wilson v. Wilson*, ___ Kan.App.2d ___,154 P.2d 1136 (2007).

Under Kansas law, extrinsic evidence of a mutual mistake is allowed if the alleged mistake touches upon the act of entering into the contract itself.  *See Rosenbaum v. Texas Energies*, 241 Kan. 295, 736 P.2d 888 (1987) (parol evidence may be "introduced in an action to show the nonexistence of a binding contract" but not "to contradict or vary a [provision in] a valid existing obligation"). Having voluntarily entered into a contract, a party cannot vary its unambiguous terms by alleging a mistake as to those terms.

Here, Valley Bronze is not contending that the note itself is fraudulent or not an otherwise valid legal obligation.  It is alleging the existence of a separate oral agreement as to when the note

is due and payable.  As such it is seeking to vary the terms of a contract through the use of parol evidence, and the court holds that such an argument is contrary to the law of Kansas.

Since Valley Bronze has failed to show any other reason why additional discovery would be necessary or would alter the ruling of the court, the court finds that summary judgment is appropriate.

IT IS ACCORDINGLY ORDERED this 19th day of June, 2007 that the plaintiff's Motion for Summary Judgment (Dkt. No. 8) is hereby granted.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE